SEMMES (POWER v.). See Case No. 11,360.

## Case No. 12,655.

SEMMES et ux. v. SHERBURNE.

[2 Cranch, C. C. 534.] [1]

Circuit Court, District of Columbia. Dec. Term, 1824.

PLEADING AT LAW—TROVER—DECLARATION—CONCLUSION.

In trover by husband and wife for a conversion of the wife's goods before marriage, the declaration must conclude ad damna ipsorum.

Trover by husband and wife for the wife's slave. The declaration averred the trover and conversion to have been before the intermarriage, and concluded to the damage of the husband alone.

After verdict for the plaintiffs [Jesse M. Semmes and wife], with $300 damages, at April term, 1824, Mr. R. S. Coxe, for the defendant [J. H. Sherburne], moved in arrest of judgment that the declaration should have concluded ad damna ipsorum; and cited 1 Chit. Pl. 60, 61, 398; 2 Chit. Pl. 49, 50, 59, 374; Nelthrop v. Anderson, 1 Salk. 114.

Mr. Morfit, contra, cited 2 Esp. N. P. 186; Blackborne v. Greaves, 2 Lev. 107; Esp. N. P. 201; Countess of Rutland's Case, Cro. Eliz. 377; 2 Bl. Comm. 433; Bloxam v. Hubbard, 5 East, 407.

This objection had become important, as the husband had died before verdict, and his death had been suggested upon the docket at October term, 1823.

[See Case No. 12,760.]

## Case No. 12,656.

SEMMES v. SHERBURNE.

[2 Cranch, C. C. 637.] [1]

Circuit Court, District of Columbia. Dec. Term, 1825.

SLAVERY—LOSS OF SLAVE—JUDGMENT—HIRE OF SLAVE—ESTOPPEL.

1. If the plaintiff's slave be hired to the defendant in the District of Columbia, who carries her to New Hampshire without the consent or

authority of the plaintiff, by means whereof she is lost to the plaintiff, he may, in trover, recover the value of the slave. But if the plaintiff assented to the defendant's taking the slave to New England either before or after he took her,·and she was lost without any negligence or omission of the defendant,·the plaintiff is not entitled to recover.

2. In trover for a slave, the plaintiff cannot recover if he has obtained judgment against the defendant in a previous suit for the hire of the slave to a period subsequent to the commencement of the action of trover; but if, in making his claim for the hire of the slave, he did not mean to charge for the hire to a period later than the commencement of the action of trover, then such mistaken claim and the judgment thereon are not conclusive evidence against the plaintiff in the action of trover.

Trover for a slave. This cause having come on to trial again upon the amended pleadings [Case No. 12,655].

Mr. Key and Mr. Morfit, for plaintiff.
Mr. Coxe, for defendant.

THE COURT, at the prayer of the plaintiff's counsel, instructed the jury, that if they believed from the evidence that the defendant, without the consent or authority of the plaintiff carried his female slave away to N. Hampshire and did not bring her back again and return her to the plaintiff, and that by reason of her being so carried away, the plaintiff has lost her, the plaintiff is entitled to recover the value of the slave. But at the prayer of the defendant, further instructed the jury that if they should find from the evidence that the plaintiff had claimed and recovered judgment against the defendant for the hire of the slave up to a time subsequent to the institution of this suit, such claim and judgment are conclusive evidence of a waiver, by the plaintiff, of any unlawful conversion by the defendant prior to the commencement of this suit, and the plaintiff is not entitled to recover in this action. But if the plaintiff, in making his claim for the hire of the slave, upon which he had recovered judgment, did not mean to charge for the hire of the slave to a period later than the commencement of this suit, then such mistaken claim so made by the plaintiff, and the judgment thereon, are not conclusive against the plaintiff in this action.

THE COURT further instructed the jury, at the prayer of the defendant, that if they should find from the evidence that the plaintiff assented to the taking of the slave to New England, either before or after the defendant took her, and that such slave was lost without any negligence or omission of the defendant, the plaintiff is not entitled to recover.

Verdict for the plaintiff, $360, and judgment.